AK/REY/JHL/mwt                                                                                          8-74-1-5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MESUE JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | No. 10 cv 1982 |
| ) | Judge Ronald A. Guzman |
| DEPAUL UNIVERSITY, incorrectly named ) | |
| as DEPAUL COLLEGE OF LAW, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT DEPAUL UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS

Now comes the Defendant, DePaul University, incorrectly named as DePaul College of Law, by and through its attorneys, Kopon Airdo, LLC, and for its Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

### INTRODUCTION

The Complaint of Plaintiff, Mesue Jackson ("Plaintiff"), alleges that she applied for admission to the College of Law of Defendant, DePaul University ("DePaul" or "the University"), on three different occasions and was denied all three times. [Compl. ¶¶ 3-6, 11.] Plaintiff's Complaint alleges: (i) disability discrimination and failure to accommodate under (A) Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; (B) Section 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794; and (C) Section 203 of the ADA; (ii) race discrimination under (A) Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C.

§ 2000d and (B) 42 U.S.C. § 1981 ("§ 1981"); (iii) sex discrimination under Title IX of the Education Amendments of 1972 ("Title IX"), 42 U.S.C. § 1681; and (iv) age discrimination under the Age Discrimination Act of 1975 ("Age Act"), 42 U.S.C. §§ 6101 *et seq.*  As is explained below, all of Plaintiff's claims must be dismissed because they either: (1) fail to state a claim upon which relief can be granted; (2) are barred by the applicable statute of limitations; or (3) do not fall within the subject matter jurisdiction of this Court.

## STATEMENT OF FACTS

Plaintiff has sued every law school in northern Illinois claiming that each and every school allegedly discriminated against her because of her race, sex, age, and disability when they denied her applications for admission. *Mesue Jackson v. Loyola University*, 10 CV 1985; *Mesue Jackson v. Northwestern University*, 10 CV 1986; *Mesue Jackson v. Chicago-Kent College of Law*, 10 CV 1988; *Mesue Jackson v. University of Chicago*, 10 CV 1991; *Mesue Jackson v. John Marshall Law School*, 10 CV 1992; and *Mesue Jackson v. Northern Illinois University*, 10 CV 1994.  With respect to DePaul, Plaintiff alleges in the instant Complaint that she sought and was denied admission to the University's College of Law on three separate occasions. [Compl. ¶¶ 4-6.]  Plaintiff states that she requested and was denied the accommodation of not being required to meet admissions standards because she is "permanently physically disabled" by some unspecified disability. [Compl. ¶¶ 11, 13-14, 16.]  Although she does not state each date that her three applications were denied, Plaintiff asserts that the latest date the University discriminated against her was on or about January 18, 2008, when her most recent application was rejected. [Compl. ¶ 6.]  Plaintiff alleges that she filed "a charge or charges" with the United States Department of Education on or about May 12, 2008, (which, despite Plaintiff's allegations, are not attached to the Complaint) and received a final decision (or Notice of Right to Sue) on

October 8, 2008. [Compl. ¶¶ 7-8.] Almost 28 months after the latest date of alleged discrimination, Plaintiff filed the instant Complaint on May 11, 2010.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") tests the sufficiency of the complaint, not the merits of the case. *Torrence v. Advanced Home Care. Inc.,* 2009 WL 144448, *2 (N.D. Ill. 2009). To survive a Rule 12(b)(6) motion to dismiss, the complaint must first comply with Federal Rule of Civil Procedure 8(a) by providing a short and plain statement of the claim showing that the pleader is entitled to relief such that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Id.* A Rule 12(b)(6) dismissal is appropriate if the plaintiff does not allege such a claim or if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. *Bowers v. Federation International de l'Automobile,* 489 F.3d 316, 320 (7th Cir. 2007).

While a *pro se* complaint is held to less stringent standards than formal pleadings drafted by lawyers, a *pro se* plaintiff can plead herself out of court by pleading facts that undermine the allegations set forth in the complaint. *Torrence,* 2009 WL 144448, *2. A complaint which reveals on its face that the plaintiff's claim is barred by the statute of limitations can be dismissed on a motion to dismiss. *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 719 (7th Cir. 1993). In a similar vein, when a plaintiff has failed to exhaust administrative remedies, a claim can be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

I.  **PLAINTIFF'S DISABILITY AND ACCOMMODATION CLAIMS MUST BE DISMISSED**

A.  **Defendant Is Not a "Public Entity" Under Title II**

Plaintiff alleges she was discriminated against on the basis of disability in violation of Title II of the ADA. [Compl. ¶ 1(a).] The relevant provision of Title II states as follows:

> [N]o qualified individual with a disability shall, by reason of such disability be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity*, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132. (Emphasis added).

However, a "public entity" under this provision is limited to the following: (1) any State or local government; (2) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (3) the National Railroad Passenger Corporation, and any commuter authority. 42 U.S.C. § 12131; *Torrence v. Advanced Home Care, Inc.,* 2009 WL 144448, *4 (N.D. Ill. 2009). The College of Law is part of DePaul University, the largest Catholic university in the United States. It is not a part of any State or local government, the National Railroad Passenger Corporation, or any commuter authority. Accordingly, it is not a "public entity" within the meaning of Title II. *Spychalsky v. Sullivan,* 2003 WL 22071602, *5 (E.D. N.Y. 2003) (law school, which was a division of a private Catholic university, was not a "public entity" within the meaning of Title II of the ADA). Because the University is not a "public entity" within the meaning of Title II of the ADA, Plaintiff's claims for disability discrimination and failure to accommodate a disability fail to state a claim upon which relief can be granted and must be dismissed. *Riggs* v. *Cuna Mutual Ins. Co.,* 171 F. Supp.2d 1210, 1214 (D. Kan. 2001).

### B. Plaintiff's Claims Under Title II of the ADA and the Rehab Act Are Barred by the Statute of Limitations

The Complaint also alleges disability discrimination in violation of Section 504 of the Rehab Act. [Compl. ¶ 1(a).] Section 504 prohibits discrimination on the basis of disability under any program or activity receiving Federal financial assistance. 29 U.S.C § 794. The Seventh Circuit has applied the state's limitations period for personal injury actions to claims under the Rehab Act. *Bush v. Commonwealth Edison,* 990 F.2d 928, 933 (7th Cir. 1993); *Cheeney v. Highland Park Comm. College,* 15 F.3d 79, 81 (7th Cir. 1994). In Illinois, the two-year period for personal injury claims therefore governs the statute of limitations for the Rehab Act. *Conley v. Village of Bedford Park,* 215 F.3d 703, 710 & n. 5 (7th Cir. 2000); *Untermyer v. College of Lake County,* 2008 WL 2520886 at *1 & n. 1. The two-year limitations period also applies to claims in Illinois under Title II of the ADA. *Untermyer v. College of Lake County,* 2008 WL 2520886, *1 & n. 1 (7th Cir. 2008), *citing Soignier v. Am. Bd. of Plastic Surgery,* 92 F.3d 547, 551 & n. 3 (7th Cir. 1996).

In order to comply with the limitations period, Plaintiff should have filed her complaint on or before January 18, 2010, since she alleges that the latest date on which she was denied admission to the College of Law—and thereby allegedly discriminated against—was on (or about) January 18, 2008. She did not file until May 11, 2010. Thus, her claims under the Rehab Act and Title II are time-barred and must be dismissed. Similarly, because Plaintiff alleges that the University failed to accommodate her disability when it applied and did not waive normal admissions standards at the same time, her failure to accommodate claims are also barred. *See Stevens v. United Parcel Service, Inc.,* 2003 WL 1868747, *2 (N.D. Ill. 2003); *Silk v. Chicago,* 1996 WL 312074, 9-10 (N.D. Ill. 1996).

### C. Section 203 of the ADA Does Not Give Rise to a Claim Upon Which Relief Can Be Granted

The Complaint also alleges disability discrimination under Section 203 of the ADA. [Compl. ¶ 1(a).] Section 203 of the ADA is found within Title II pertaining to public services and states as follows:

> The remedies, procedures, and rights set forth in section 794a of title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title. 42 U.S.C. § 12133.

This section simply incorporates the remedies, procedures, and rights set forth in another section and clearly does not give rise to an independent claim upon which relief can be granted. Accordingly, Plaintiff's claim under Section 203 of the ADA must be dismissed pursuant to Rule 12(b)(6).

## II. PLAINTIFF'S RACE DISCRIMINATION CLAIMS ARE TIME-BARRED

### A. The Title VI Claim is Barred by Illinois' Two-Year Statute for Personal Injury

Plaintiff further alleges she was discriminated against on the basis of race under Title VI. [Compl. ¶ 1(b).] Title VI prohibits discrimination on the basis of race in any program or activity receiving federal financial assistance. 42 U.S.C. § 2000d. The majority of federal circuits have applied the statute of limitations for personal injury actions to Title VI claims. *E.g., Curto v. Edmundson,* 392 F.3d 502, 504 (2d Cir. 2004); *Yip v. Union County College,* 2009 WL 236949 (3rd Dist. 2009); *Jersey Heights Neighborhood Ass'c. v Glendening,* 174 F.3d 180, 187 (4th Cir. 1999); *Griffin v. Round Rock Indep't School Dist.,* 82 F.3d 414, 1996 WL 166999, *1 (5th Cir. 1996); *Lillard v. Shelby County Bd. of Ed.,* 76 F.3d 716, 729 (6th Cir. 1996); *Egerdahl v. Hibbing Community College,* 72 F.3d 615, 617-618 (8th Cir. 1995); *Taylor v. Regents of U. of Cal.,* 993 F.2d 710, 711-712 (9th Cir. 1993); *Reynolds v. School Dist. No. 1,* 69 F.3d 1523, 1533 & note 1

(10th Cir. 1995); *Baker v. Bd. of Regents,* 991 F.2d 628, 630 (10th Cir. 1993); *Rozar v. Mullis,* 85 F.3d 556, 561 (11th Cir. 1996).[1]

Because Plaintiff alleges that the latest date on which she was denied admission to the College of Law was on (or about) January 18, 2008, she was required to file her complaint within the two-year statute of limitations. Because Plaintiff did not file her suit until May 11, 2010, her claim under Title VI is time-barred and must be dismissed.

### B. Plaintiff's § 1981 Claim Is Time-Barred

The Plaintiff also asserts that she suffered race discrimination under Section 1981. [Compl. ¶ 1(b).][2] It provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. The two-year state limitation period for personal injury suits is the appropriate limitation period for § 1981 claims. *Smith v. Chicago Heights,* 951 F.2d 834, 839 (7th Cir. 1992); *Jones v. Citibank,* 844 F. Supp. 437, 439 (N.D. Ill. 1994). Because Plaintiff did not file her latest claim of discrimination until almost 28 months after the latest date of alleged discrimination, her § 1981 claim is time-barred and, therefore, must be dismissed.

### III. PLAINTIFF'S TITLE IX CLAIM IS TIME-BARRED

Plaintiff moreover alleges that she was discriminated against on the basis of sex in violation of Title IX of the Education Amendments of 1972. [Compl. ¶ 1(c).][3] Title IX prohibits

---

[1] While the Seventh Circuit said in *Beard v. Robinson,* 563 F.2d 331, 334 - 338 (7th Cir. 1977), that Illinois' five-year "all civil actions not otherwise provided for" statute of limitations applied to all actions brought under the Civil Rights Acts, more recent decisions acknowledge *Beard,* but hold that the two-year statute of limitations for personal injury actions is more appropriate. *Kalimara v. Ill. Dep't of Corrections,* 879 F.2d 276 (7th Cir. 1989); *Allen v. Bd. of Governors,* 78 F.3d 586 (7th Cir. 1996); *Torrespico v. Columbia College,* 1998 WL 703450 (N.D. Ill. 1998).

[2] Plaintiff's additional citations under "Race Discrimination" in Section 1(b) are to the Code of Federal Regulations pertaining to nondiscrimination under programs receiving federal financial assistance through the Department of Education effectuation of Title VI of the Civil Rights Act of 1964.

[3] Plaintiff's additional citations under "Sex Discrimination" in ¶ 1(c) are to the Code of Federal Regulations pertaining to non-discrimination on the basis of sex in education programs or activities receiving federal financial assistance.

discrimination on the basis of sex in any education program or activity receiving federal financial assistance. 20 U.S.C. § 1681.

The Seventh Circuit has determined that the limitations period for Title IX actions is governed by the relevant state statute of limitations for personal injury actions. *Cetin v. Purdue University,* 94 F.3d 647, 1996 WL 453229, *2 (7th Cir. 1996). In Illinois, the statute of limitations period for personal injury actions is two years. 735 ILCS 5/13-202.[4] Because Plaintiff alleges that the most recent date of the alleged discrimination is on or about January 18, 2008, and Plaintiff did not file her Complaint until May 11, 2010, her claim under Title IX is time-barred.

### IV. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE ALLEGED CLAIM UNDER THE AGE DISCRIMINATION ACT OF 1975

Plaintiff alleges she suffered age discrimination in violation of the Age Act. [Compl. ¶ 1(d).] The Age Act provides that "no person . . . shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving federal financial assistance." 42 U.S.C. A. § 6102. Plaintiff's claim is subject to dismissal because she has not exhausted administrative remedies and has not adequately complied with the necessary filing requirements.

First, in order to bring an age discrimination claim against a recipient of federal financial assistance, a plaintiff must exhaust administrative remedies by filing a complaint with the United States Department of Education ("Department of Education") within 180 days from the date the person first had knowledge of the alleged discrimination.[5] 42 U.S.C. § 6104(e)(1); 34 C.F.R. §§ 110.31, 110.39. While Plaintiff alleges in ¶¶ 6-7 of the Complaint that the latest date of

---

[4] "§ 13-202. Personal injury--Penalty. Actions for damages for an injury to the person . . . , shall be commenced within 2 years next after the cause of action accrued. ..." 735 ILCS 5/13-202.
[5] The Office of Civil Rights ("OCR") is part of the Department of Education. *See Parker,* 2008 WL 4649065, *1.

discrimination was on or about January 18, 2008, and that she filed on or about May 12, 2008, a charge or charges "asserting the acts of discrimination indicated in this complaint" with the Department of Education and received a Notice of Right to Sue on October 8, 2008, Plaintiff asserts that the charge filed with the Department of Education was filed under the Rehab Act, not the Age Act. [Compl. ¶¶ 7-8.] Accordingly, there has been no exhaustion of administrative remedies because, by her own admission, Plaintiff has not filed a complaint with the Department of Education which alleged discrimination on the basis of age. *See Hansboro v. Northwood Nursing Home,* 832 F. Supp. 248, 252 (N.D. Ind. 1993) (complaint alleging a different type of discrimination from the charge of discrimination subject to dismissal for failure to exhaust administrative remedies).

Even assuming *arguendo* that Plaintiff did timely file an age discrimination complaint with the Department of Education, Plaintiff must give notice by registered mail not less than 30 days prior to commencement of that action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed. 42 U.S.C. § 6104(e)(1). This notice shall state the nature of the alleged violation, the relief requested, the court in which the action will be brought, and whether or not attorney's fees are being demanded in the event the plaintiff prevails. 42 U.S.C. § 6104(e)(2). Plaintiff's Complaint contains no allegation – and there is no evidence to indicate – that she has complied with this requirement. Accordingly, Plaintiff has failed to meet the statutory requirements for filing her Age Act case. *Parker,* 2008 WL 4649065, *3. Therefore, the Plaintiff's claim must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. *Parker,* 2008 WL 4649065, * 2 - *4.

## **CONCLUSION**

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Plaintiff's complaint must be dismissed based upon: (1) failure to state a claim upon which relief can be granted regarding the alleged claims under Title II and § 203 of the ADA; (2) the statute of limitations regarding the alleged claims of both discrimination and failure to accommodate under Title II of the ADA and the Rehab Act; (3) the statute of limitations regarding alleged claims under Title VI, § 1981, and Title IX; and (4) the lack of subject matter jurisdiction regarding the alleged claim under the Age Discrimination Act of 1975.

Wherefore, for the reasons stated above, the Defendant, DePaul University, prays that this Honorable Court enter an Order granting dismissal with prejudice in its favor and against Plaintiff on all counts of her Complaint.

Respectfully submitted,

DEPAUL UNIVERSITY

By: /s/ Rachel E. Yarch
     One of Its Attorneys

Rachel E. Yarch
Jacqueline H. Lower
Kopon Airdo, LLC
233 South Wacker Drive
Suite 4450
Chicago, IL  60606
312/506-4450
312/506-4460 Fax