## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

FILED
7-23-2010
JUL 23 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MESUE JACKSON,                                )
                                             )
     Plaintiff,                              )
                                             )
V.                                           )   No. 10 cv 1982
                                             )   Honorable Judge Ronald A. Guzman
DePaul University, the College of Law Division,   )
                                             )
     Defendant,                             )

## PLAINTIFF'S RESPONSE TO DEFENDANT
## DEPAUL UNIVERSITY
## COLLEGE OF LAW'S MOTION TO DISMISS

NOW COMES the Plaintiff, Mesue Jackson, *pro se*, and respectfully asks the Honorable

Judge Ronald A. Guzman to deny Defendant's DePaul University College of Law's Motion to

Dismiss. I, the Plaintiff, filed this civil case against the Defendant for what I believe was an

injustice toward me in trying to gain admissions to DePaul University's College of Law division

for the 2008 entering class. I believe I have enough evidence to prove that I was a qualified

individual for admissions to DePaul University, the College of Law Division, and feel that I was

wrongfully denied accommodations for two admissions criteria (work history and low LSAT

score) that was affected as a result of extenuating circumstances associated with becoming

physically disabled. And, denied admissions and deemed as "unqualified" for admissions based

upon the discriminatory acts that I filed in the initial complaint.

    As a result of being denied I suffered immensely. I was forced to pursue another

educational area that was not my choice, placed in jeopardy of defaulting on student loans and

losing the only hope and support I had in trying to better myself as a permanently physically

disabled individual. Additionally, trying to pursue the Defendant for what I believe was an

injustice involving discrimination, had caused my physical health to deteriorate as a result of emotional stress from: trying to repeatedly gain admissions, trying to get the proper advice and support from the Defendant to ensure that I was accommodated, being denied more than once in the admissions process, and the steps I had to take to pursue them in filing a civil case against them.

Furthermore, your honor, my initial complaint filed to the Department of Education surrounding my initial allegations that I was discriminated by the Defendant in the admissions process (based upon: disability, race, gender, and age) became evident when the OCR investigators presented me with direct statements from the Defendant that were biased reasons for denying me admissions, and had nothing to do with admissions standards that were reasonable, nor associated with the admissions standards set forth by the American Bar Association.

The Defendant's claims that my complaint should be dismissed on the grounds that I filed an action 28 months after my application was denied, and based on a personal injury two year statute of limitations they state applies to Title II of the ADA, the Rehab Act, Title VI, 1981, and Title IX. Defendant is mistaken about Section 1981, wherein a four year statute of limitations applies (see discussion below). As for the other statutes, they are timely as my complaint was filed within two year of my learning of the reasons for rejection to its law school.

As a little background information, I had submitted an appeal letter to the Department of Education in Washington, who overturned their original claim that favored the law school, but failed to overturn their decision to favor me after proof was submitted to prove I was correct in my original claim to the investigators at the Department of Education. However, I still have not received correspondence from the third appeal that I submitted to the Department of Education.

To the best of my knowledge, the laws states that I have two years after receiving correspondence from the Department of Education, in which I have not; therefore, the complaint I filed is not past the statute of limitations.  Furthermore, during the Department of Education's investigation, I learned, in a letter dated October 8, 2008, of the reasons for my denial of admission.  I believe those reasons to be discriminatory and form the basis of this complaint. Because I did not learn of those discriminatory reasons until October of 2008, my March 2010 easily falls within the two year statute of limitations.  Romeo v. Allstate Corp 404 F.3d 212, 221 (3d Cir 2005). Ordinarily a statute of limitations begins to run from the moment the potential plaintiff has a complete and present cause of action. Federal discovery rule which dictates that a federal cause of action accrues "when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim. Romero, 404 F.3d at 222 (internal question and citation omitted).

For section 504, the law under the federal Discovery Rule: see Podobnik v. U.S. Postal Serv., 409 F.3d 584, 509 (3d Cir. 2005). Because the plaintiff was not injured before the Department of Education's findings from the fact finding investigation, which stipulated the Defendant's statements about the plaintiff in which the plaintiff believed to be discriminating, the discovery rule would not have rendered the plaintiffs claims untimely.

The discovery rule delays the initial running of the statute of limitations, but only until the plaintiff has discovered: (1) that he or she has been injured; and (2) that this injury has been caused by another party's conduct. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994) the discovery rule "postpones the beginning of the limitations period from the date a plaintiff was wronged until the date a plaintiff discovers that he or she was injured.

Defendant claims that 42 U.S. 1981 requires a 2 yr statute of limitation; however a 4 year statute of limitations applies under <u>Jones v. R. R. Donnelly Sons Co</u>. (02-1205) 541 U.S. 369 (2004) 305 F.3d 717, which states, "after this Court held that federal courts should apply the most appropriate state statute of limitations to claims arising under 42 U.S.C. 1981 which contains no statute of limitations, see <u>Goodman v. Lukens Steel Co</u>., <u>482 U.S. 656</u>, 660, Congress enacted a 4-year statute of limitations for causes of action "arising under an Act of Congress enacted after [December 1, 1990], "<u>28 U.S.C 1658(a)</u>. Petitioners, African-American former employees of respondent, filed a class action alleging violations of 1981, as amended by the Civil Rights Act of 1991. Respondent Sought summary judgment, claiming that the applicable state 2-year statute of limitations barred their claims, but the District Court held that petitioners' wrongful discharge, refusal to transfer, and hostile work environment claims arose under the 1991 Act and therefore are governed by 1658. The Seventh Circuit reversed, concluding that 1658 does not apply to a cause of action based on a post-1990 amendment to a pre-existing statute. *Held:* Petitioners' causes of action are governed by 1658. As stated by the 1658 enactment:

> That purpose would not be served if 1658 were interpreted to reach only entirely new sections of Congress" than a new, stand-alone statue. What matters is the new rights of action and corresponding liabilities created by the enactment. Thus, a cause of action "aris[es] under an Act of Congress enacted" after December 1, 1990-and therefore is governed by 1658's 4-year statute of limitations-if the plaintiff's claim against the defendant was made possible by a post-1990 enactment.

Because the Donnelly case allows for a four year statute of limitation, Plaintiff's 42 U.S.C. 1981 claim is timely.

Because Section 504 and Title of ADA are very similar they should be treated the same for purposes of the statue of limitations.

In <u>Gaona v. Town & Country Credit</u>, 324 F.3rd 1050, loss (8th Cir. 2003), it states,

> We have held that Congress intended Title II of the ADA to be interpreted
> consistently with the Rehabilitation Act, <u>Pottgen v. Mo. St. High Sch. Activities</u>
> 40 F. 3d 926, 930 (8th cir 1994) and other circuits have applied the same limitation
> periods for claims under Title II of the ADA and the Rehabilitation Act. See, e.g.,
> <u>Everett</u>, 138 F.3d at 1409-10. <u>Doe v. County of Cente</u>, 242 F.3d 437, 446 (3d Cir.
> 2001); See also <u>McDonald v. Commw. Of PA.</u>, 62 F.3d 92, 95 (3d Cir. 1995)
> whether suit is filed under the Rehabilitation Act or ADA, the substantive
> standards for determining liability is the same.

Accordingly, Section 504 should have the same 2 year statute of limitations as Title II, making Plaintiff's complaint timely.

Because Plaintiff did not discover the reasons for her denial of admission to Defendant's school until she received the October 2008 letter from the OCR investigator at the Department of Education, plaintiff's claims are timely and fall with the statute of limitations. Furthermore, 42 U.S.C. has a four year statute of limitations which also makes Plaintiff's complaint timely.

I voluntarily dismiss my age claim and so will not respond to Defendant's argument regarding that.

If this Court believes that the claims would be clearer were I to amend my complaint, then I ask for leave to do so.

WHEREFORE, for the reasons stated above, Plaintiff, MESUE JACKSON, prays that the Honorable Judge will deny Defendant's Motion to Dismiss with prejudice the original complaint I filed against the Defendant.

Sincerely,

Mesue Jackson

Mesue Jackson, *pro se*
168 Heritage Lane
Streamwood, IL 60107
Phone: 847-893-6565
Email: jacksonmesue@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Mesue Jackson
Plaintiff(s)

CASE No. 10 cv 1982

vs.

JUDGE: Ronald A. Guzman

DePaul Univ, the College of Law Division,
Defendant(s)

## PROOF OF SERVICE

TO: Rachel E. Yarch or Jacqueline H. Lower
Kopon Airoo, LLC
233 South Wacker Drive
Suite 4450
Chicago, IL 60606

(312-506-4450
312 |506| 4460 FAX)

TO: _____

_____

_____

I, the undersigned (plaintiff/defendant), certify that on the 23rd day of July, 2010, I served a copy of this Response To Motion to each person whom it is directed by way of U.S. Mail .

Signature Mesue Jackson
Name Mesue Jackson
Address 168 Heritage Ln.
City/Zip Streamwood/ 60107
Telephone 847-893-6565