AK/REY/JHL/mwt                                                              8-74-1-5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MESUE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | No. 10 cv 1982 |
| | ) | Judge Ronald A. Guzman |
| DEPAUL UNIVERSITY, incorrectly named | ) | |
| as DEPAUL COLLEGE OF LAW, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT DEPAUL UNIVERSITY'S REPLY IN SUPPORT OF ITS
### RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS

Now comes the Defendant, DePaul University, incorrectly named as DePaul College of Law, by and through its attorneys, Kopon Airdo, LLC, in further support of its Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss With Prejudice Plaintiff's Complaint, Defendant states as follows:

### INTRODUCTION

In response to DePaul University's Motion to Dismiss, Plaintiff argues that her claims are not barred by the statute of limitations because: (i) the discovery rule renders all her claims (with the exception of her 42 U.S.C. § 1981 ("§ 1981") claim) timely because she learned of the allegedly biased reasons for the denial of her application for admission to DePaul College of Law ("College of Law") on October 18, 2008; and (ii) a four-year statute of limitations applies to her § 1981 claim.[1]  Plaintiff's arguments are without merit.  As fully discussed below, Plaintiff

---

[1] Plaintiff consented to the dismissal of her claim under the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101 *et seq.* [Pl. Resp. p. 5]

"discovered" her injury on or about January 18, 2008, which she alleges in her Complaint as "the latest date the defendant discriminated against the plaintiff" by denying her admission to its law program.  [Comp. ¶ 6]  The discovery rule does not salvage Plaintiff's untimely claims, and the four-year statute of limitations does not apply to her § 1981 claim.  Accordingly, Plaintiff's Complaint must be dismissed with prejudice pursuant to Federal Rule 12(b)(1) and 12(b)(6). [2]

## ARGUMENT

## I.    THE DISCOVERY RULE DOES NOT SAVE PLAINTIFF'S CLAIMS

Plaintiff alleges that the following claims are timely under the discovery rule because she filed within two years of learning of the reasons for the University's denial of her application to the College of Law: (i) disability discrimination and failure to accommodate under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; and § 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794; (ii) race discrimination under Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d; and (iii) sex discrimination under Title IX of the Education Amendments of 1972 ("Title IX"), 42 U.S.C. § 1681.  [Pl. Resp. p. 2]

The basis for Plaintiff's use of the discovery rule is that she allegedly learned of the reasons for the denial of her admission in a letter, dated October 8, 2008, from the Office for Civil Rights of the Department of Education ("OCR").  [Pl. Resp. pp. 2-3]  Plaintiff states she

---

[2] Plaintiff failed to respond to Defendant's Motion to Dismiss on the basis that § 203 of the ADA, on its face, gives rise to no independent claim upon which relief can be granted.  Accordingly, Plaintiff waived her right to respond and her claim should be dismissed on that basis.  *Wojtas v. Capital Guardian Trust Co.,* 477 F.3d 924, 926 (7th Cir. 2007) (Plaintiff waived the right to challenge defendant's assertion of a statute-of-limitations defense because the plaintiff failed to oppose the defendant's argument in response to a motion to dismiss in district court); *Berry v. Delta Airlines, Inc.,* 260 F.3d 803, 810 (7th Cir. 2010) (non-moving party's failure to raise issue in response resulted in waiver).

Plaintiff also failed to challenge Defendant's position that her claims for disability discrimination and failure to accommodate a disability under Title II of the ADA must be dismissed for failure to state a claim upon which relief can be granted because the University is not a "public entity." Thus, Plaintiff has also waived her rights with respect to that argument. *Id.*  Accordingly, in addition to Defendant's position that Plaintiff's claims are barred by the relevant statute of limitations, her claims should be dismissed because DePaul University is not a "public entity."

believes the reasons stated in the OCR letter to be discriminatory. *Id.*  As is demonstrated below, there are a number of flaws in Plaintiff's argument, the main one being that she knew of her alleged injury well before filing an OCR complaint to address it.  Accordingly, Plaintiff's claims are barred by the two-year statute of limitations and must be dismissed.

> **A.**   **With or Without the Discovery Rule, Plaintiff's Alleged Claims Accrued In January 2008**

It is axiomatic that a discrete discriminatory act, like the one alleged here, occurs on the day it happened. *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002); *see also, Lapka v. Chertoff,* 517 F.3d 974, 982 (7th Cir. 2008) (a discrete act of discrimination means a discrete claim that is actionable by itself); *Lucas v. Chicago Transit Authority,* 367 F.3d 714, 723-724 (7th Cir. 2004) (a discrete discriminatory act starts the clock running on the date the act occurred).

In the absence of a contrary directive from Congress, the discovery rule postpones the beginning of the limitations period only from the date when the plaintiff is wronged to the date she discovers she has been injured. *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir. 1991), *cert. denied,* 501 U.S. 126 (1991).  Discovery of the injury in the discrimination context occurs at the time the adverse discriminatory decision is made and communicated to the plaintiff. *Cada,* 920 F.2d at 450.  It is awareness of *actual* injury, not awareness that this injury constitutes a *legal* wrong that defines when a claim accrues under the discovery rule. *See Craig v. Thomas Jefferson University,* 2009 WL 2038147 and *Podobnik v. United States Postal Serv.,* 409 F.3d 584, 590-01 (3d Cir.2005)(citing *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir. 1991)).

Here, the discovery date for Plaintiff's claims of discrimination is on or about January 18, 2008, when the University informed her that it was unable to grant her admission to the College

of Law.   This was the date that the University communicated the decision alleged to be discriminatory and is therefore the date Plaintiff allegedly suffered her injury.   Plaintiff admits as much in her complaint, in which she confirms "the latest date the defendant discriminated against the plaintiff was on or about, January, 18th, 2008."   [Comp. ¶6]   Indeed, Plaintiff was well aware of this injury because she subsequently filed a discrimination complaint with OCR on this exact basis, well before October 2008.   Because Plaintiff did not file her Complaint until May 11, 2010, almost 28 months after the date of the alleged discrimination and her "discovery" of injury, her claims are time-barred by the applicable statute of limitations.

**B.    Plaintiff's Inconsistent and Conclusory Allegations of Fact and Law Are Immaterial**

Plaintiff's Complaint unambiguously alleges that the latest date the University discriminated against her was on or about January 18, 2008. [Comp. ¶ 6]   However, in her response brief, Plaintiff suddenly argues that on October 8, 2008, she discovered the basis of her claim.   While the Seventh Circuit has stated that facts alleged in a brief in opposition to a motion to dismiss of a *pro se* plaintiff may be considered when evaluating the sufficiency of a complaint, the facts can only be considered if they are consistent with the allegations of the complaint. *Gutierrez v. Peters,* 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997).   [Comp. ¶ 6]   As a result, Plaintiff's inconsistent "facts" regarding a later date of discrimination cannot be considered. *Id.   See also Rosenblum v. Travelbyus.com Ltd.,* 299 F.3d 657, 661 (7th Cir. 2002) (on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint and a copy of any written instrument which is an exhibit to a pleading).

Even if considered (though contrary to law), Plaintiff carries the burden of proving that the discovery rule has tolled the applicable statute of limitations through October 2008. *Rodriquez v. Woodall,* 2004 WL 2583883, *5 (N.D. Ill. 2004), *citing Koelle v Zwiren,* 284 Ill.

App.3d 778, 786-787 (1st Dist. 1996) (when a plaintiff asserts the discovery rule in response to a statute of limitations defense, the burden is on the plaintiff to show that the rule applies); *Bontkowski v. Smith,* 305 F.3d 757, 762 (7th Cir. 2002) (when the federal court borrows state statute of limitations, it also borrows state tolling doctrine).[3]   Conclusory allegations unsupported by well-pleaded factual allegations will not carry this burden, let alone defeat a motion to dismiss. *Palda v. Gen'l Dynamics Corp.,* 47 F.3d 872, 875 (7th Cir. 1995).   Here, Plaintiff's unsupported belief based on some unspecified reasons in a hypothetical letter that has not been provided to this Court is the quintessential conclusory allegation.   As such, it cannot overcome the irrefutable fact revealed on the face of her Complaint that the latest date the University allegedly discriminated against Plaintiff was on or about January 18, 2008. [Comp. ¶ 6]

Finally, Plaintiff asserts without any legal authority that she had two years after receiving correspondence from the OCR to file her Complaint. [Pl. Resp. p. 3]  Plaintiff's subjective belief does not overcome the legal authority cited by Defendant regarding the applicable statutes of limitations for each of Plaintiff's claims. Accordingly, Plaintiff's immaterial allegations wholly fail to carry her burden of establishing that the discovery rule tolled applicable statutes of limitation.  Plaintiff's claims are untimely and should be dismissed.

## II.   THE TWO-YEAR STATUTE OF LIMITATIONS APPLIES TO PLAINTIFF'S § 1981 CLAIM

As stated in Defendant's brief, the two-year state limitations period for personal injury suits is the appropriate limitation period for § 1981 claims. *Smith v. Chicago Heights,* 951 F.2d 834, 839 (7th Cir. 1992); *Jones v. Citibank,* 844 F. Supp. 437, 439 (N.D. Ill. 1994).  Plaintiff completely ignores this controlling legal authority and states that the four-year statute of limitations applies to 42 U.S.C. § 1981 ("§ 1981").  Plaintiff relies on *Jones v. R.R. Donnelly &*

---

[3] All of Plaintiff claims for which she invokes the discovery rule borrow their statute of limitations from state law.

*Sons Co.,* 541 U.S. 369 (2004) for her contention that the four-year statute of limitations found in 28 U.S.C. § 1658(a) applies to her § 1981 claim. [Pl. Resp. p. 4]  This provision, the so-called "catchall" statute of limitations for federal actions, was enacted by Congress on December 1, 1990. *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 371 (2004).  It provides in relevant part:

> Except as otherwise provided by law, a civil action arising under
> an Act of Congress enacted after the date of the enactment of this
> section may not be commenced later than 4 years after the cause of
> action accrues. 42 U.S.C. § 1658(a) ("catchall provision").

Plaintiff's claim, however, is brought under § 1981(a) which provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State . . . to  make and enforce contracts. . . as is enjoyed by white citizens." 42 U.S.C § 1981.  *Runyon v. McCrary,* 427 U.S. 160 (1976) (holding that § 1981, now codified as § 1981(a), prohibits private schools from denying admission to prospective students because they are Black); *see also Oliver v. Dunn Company,* 2009 WL 1155580 (C.D.Ill) and *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263 (7th Cir. 2004)(stating that §1981 provides for two possible types of employment claims: "old" claims for failure to hire and "new" claims for termination of or interfering with an existing employment relationship").[4]   The original version of § 1981 was enacted as § 1 of the Civil Rights Act of 1866, amended in minor respects in 1870, and recodified in 1874, however, its basic coverage did not change prior to 1991. *Jones,* 541 U.S. at 372, *citing Runyon,* 427 U.S. at 168-169, n. 8.  Because § 1981(a) was enacted before December 1, 1990, the four-year catchall provision does not apply to Plaintiff's § 1981 claim.

---

[4] Clearly, in this case, the failure to admit Plaintiff into the College of Law is analogous to a failure to hire claim in the employment context.  Thus, Plaintiff's claim is based on the making of a contract, rather than terminating or interfering with a contract.

The issue before the *Jones* Court was whether the causes of action for hostile work environment, wrongful termination, and failure to transfer, which alleged violations of § 1981, as amended by the Civil Rights Act of 1991 ("1991 Act"), are governed by the catchall provision or by the  personal injury statute of limitations of the forum state.  *Jones,* 541 U.S. at 371.  In that case, it was undisputed that the alleged violations fell under the new subsection of § 1981, added by the 1991 Act, which defines the term "make and enforce contracts" to include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Jones,* 541 U.S. at 373.  The *Jones* Court held that a plaintiff's claim is governed by the catch-all provision if it was made possible by a post-1990 enactment. *Jones,* 541 U.S. at 382.  Because the claims for hostile work environment, wrongful termination, and failure to transfer "arose under" the 1991 Act in the sense that their causes of action were made possible by the 1991 Act, the catchall provision applied. *Jones,* 541 U.S. at 382.

Unlike the *Jones* claims, Plaintiff's claim for the allegedly discriminatory denial of the making of a contract is not made possible by the 1991 Act.  Rather, as discussed above, it was created by the Civil Rights Act of 1866 and does not arise under the 1991  Act.  Accordingly, the two-year Illinois statute limitations period for personal injury suits applies to Plaintiff's § 1981 claim.  Because Plaintiff did not file her lawsuit until almost 28 months after the latest date of discrimination, her § 1981 claim is time-barred.[5]

---

[5] Plaintiff inexplicably asserts that the application of the four-year statute of limitations also applies to her Rehab Act and the ADA Title II claims. [Pl. Resp. pp 4-5]  However, those claims are barred by the two-year statute. [Def. Brief, p. 5]  Assuming *arguendo* that the Plaintiff is arguing that these claims are timely because of the discovery rule, as discussed above, because the alleged discriminatory denial of admission to the College of Law was "discovered" on or about January 18, 2008, and Plaintiff filed her Complaint more than two years later, the claims are time-barred.

## CONCLUSION

All of Plaintiff's claims are barred by the statute of limitations.  The discovery rule does not apply because even if Plaintiff found out additional information at a later date, she admits that the date of her alleged injury is January 18, 2008.  Moreover, Plaintiff failed to meet her burden of establishing why the discovery rule should toll her claims until October 8, 2008.  Finally, Plaintiff's §1981(a) claim is also untimely because the two-year statute of limitations applies, as the provision was enacted prior to the 1990 amendment which provided the catch-all.

Wherefore, for the reasons stated above, the Defendant, DePaul University, prays that this Honorable Court enter an Order dismissing with prejudice Plaintiff's Complaint in its entirety.

Respectfully submitted,

DEPAUL UNIVERSITY


By: /s/ Rachel E. Yarch
    One of Its Attorneys


Rachel E. Yarch
Jacqueline H. Lower
Kopon Airdo, LLC
233 South Wacker Drive
Suite 4450
Chicago, IL  60606
312/506-4450
312/506-4460 Fax